# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

CHERYL L. RIGSBEE,

    Petitioner,

    -vs-

SHERRI DUFFY, Warden,

    Respondent.

Case No. 3:09-cv-135

District Judge Thomas M. Rose
Magistrate Judge Michael R. Merz

## REPORT AND RECOMMENDATION

This habeas corpus case is before the Court for initial review under Rule 4 of the Rules Governing § 2254 Cases.

Petitioner Cheryl Rigsbee is serving a fifteen year sentence in Respondent's custody upon her conviction in the Champaign County Common Pleas Court on her pleas of guilty to one count of aggravated theft of one million dollars or more, five counts of forgery as a third degree felony, one count of tampering with records, and one count of forgery as a fourth degree felony. She pleads the following ground of habeas corpus relief:

> **Ground One:** Appellant is being punished multiple times for the same offense in violation of the Double Jeopardy Clause.
>
> **Supporting Facts:** Appellant's Fifth Amendment rights were violated when the court sentenced the defendant to consecutive sentences.

(Petition, Doc. No. 1, at 6).

Petitioner has appended a Memorandum to her Petition in which she explains her theory of the case. She acknowledges that ten years is an authorized sentence for aggravated theft (Count One) and that five years is an authorized sentence for forgery (Count Five). She contends that these sentences could not be run consecutively, however, because (1) all sentencing authority in Ohio is statutory and (2) the statute which authorized consecutive sentences was completely "excised" by the Ohio Supreme Court in *State v. Foster*, 109 Ohio St. 3d 1, 845 NE 2d 470 (2006). She restates her claim as follows: "This case presents one critical constitutional issue: Whether the Double Jeopardy Clause of the Fifth Amendment prohibits an Ohio court from sentencing a criminal defendant to consecutive sentences without a state statute authorizing consecutive sentences." (Memorandum at 3.)

On appeal to the Champaign County Court of Appeals, Petitioner raised the following as her Fourth Assignment of Error: IV. "The trial court erred in imposing consecutive sentences because a court's power to sentence a person to consecutive sentences is statutory and the statute authorizing consecutive sentences was excised in its entirety by *Foster*." *State v. Rigsbee*, 174 Ohio App. 3d 12, ¶ 12, 880 NE 2d 524 (Ohio App. 2nd Dist. Nov. 21, 2007). In large part the Court of Appeals read this assignment of error as raising questions of state law. It held that the trial court's decision was not contrary to *Foster* because the *Foster* decision itself had indicated trial courts would continue to have the authority to impose consecutive sentences. *Id*. at ¶ 43. It also found that the Ohio Supreme Court had found the ability of trial courts to impose consecutive sentences derived from the common law. *Id*. at ¶ 44, citing *Henderson v. James*, 52 Ohio St. 242, 254-255, 39 NE 805, (1895); *State ex rel. Station v. Maxwell*, 175 Ohio St. 65, 67, 191 N.E.2d 549 (1963)(citing *Henderson* for the proposition that 'a court has the power to impose consecutive sentences'); and

*Stewart v. Maxwell*, 174 Ohio St. 180, 181, 187 N.E.2d 888 (1963).

To the extent the Court of Appeals decided the Fourth Assignment of Error as a matter of state law, this Court cannot review that decision. Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. §2254(a); *Lewis v. Jeffery*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). "[It is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62 (1991). Thus this Court cannot decide whether the Court of Appeals was correct in its reading of *Foster* or the prior Ohio law which was said to derive consecutive sentencing authority from the common law.

As part of her argument under the Fourth Assignment of Error, however, Petitioner raised a Double Jeopardy claim, relying, as she does here, on *Missouri v. Hunter*, 459 U.S. 359 (1983), and *Whaled v. United States*, 445 U.S. 684 (1980). The Court of Appeals decided that Double Jeopardy claim against Petitioner.

The United States Supreme Court has recently summarized the standard for federal habeas review of state court decisions on constitutional questions:

> AEDPA [the Antiterrorism and Effective Death Penalty Act of 1996] provides that, when a habeas petitioner's claim has been adjudicated on the merits in state-court proceedings, a federal court may not grant relief unless the state court's adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). A state-court decision is contrary to this Court's clearly established precedents if it applies a rule that contradicts the governing law set forth in our cases, or if it confronts a set of facts that is materially

> indistinguishable from a decision of this Court but reaches a different result. *Williams v. Taylor, supra,* at 405; *Early v. Packer,* 537 U.S. 3, 8, 123 S.Ct. 362, 154 L.Ed.2d 263 (2002) *(per curiam).* A state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner. *Williams v. Taylor, supra,* at 405; *Woodfern v. Viscid,* 537 U.S. 19, 24-25, 123 S.Ct. 357, 154 L.Ed.2d 279 (2002) *(per curiam).*

*Brown v. Patton,* 544 U.S. 133, 134 (2005). The question this Court must decide, then, is whether the Second District Court of Appeals decision in Petitioner's case is contrary to or an unreasonable application of the holdings in *Missouri v. Hunter* or *Whaled v. United States.*

In *Missouri v. Hunter, supra*, defendant was tried, convicted, and sentenced in the same trial for first-degree robbery and "armed criminal action" arising out of the same facts. The Missouri Court of Appeals reversed the sentence as violative of the Double Jeopardy Clause. The Missouri Supreme Court had previously held that armed criminal action and any underlying offense were the "same offense" for purposes of the Double Jeopardy test adopted in *Block burger v. United States*, 284 U.S. 299 (1932), even though the Missouri legislature had clearly indicated its intention that a defendant could be sentenced for both. *Missouri v. Hunter,* 459 U.S. 359, 363-64, citing *Sours v. State*, 593 S. W. 2d 208 (1980). The United States Supreme Court reversed. In the course of doing so, it made a distinction which is important to this case: ". . .cumulative punishment can presumptively be assessed after conviction for two offenses that are not the "same" under *Block burger. See, e. g., American Tobacco Co. v. United States*, 328 U.S. 781 (1946)." *Id*. at 367. To put the matter another way, if the two or more offenses for which a person is being punished are different offenses under the *Blockburger* test, then cumulative punishment for both does not violate the Double Jeopardy Clause. *Missouri v. Hunter* nowhere suggests that a State must adopt a statute

specifically authorizing consecutive sentences when the sentences are being imposed for "different" offenses in the *Block burger* sense.

In *Whaled v. United States*, 445 U.S. 684 (1980), the United States Supreme Court was reviewing a decision of the District of Columbia Court of Appeals held that the latter court had misconstrued a statute of the District of Columbia and in fact that statute embodied the *Block burger* test. Therefore, the Court held, the defendant there could not be separately punished for the offenses of rape and murder in the course of a rape, because the rape had to be proved as a predicate for the murder conviction.

Petitioner was convicted and sentenced consecutively for aggravated theft and forgery. Theft is proscribed by Ohio Revised Code § 2913.02(A) which provides that "No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services" in any of five enumerated ways, including deception. To prove aggravated theft as a felony of the first degree, the State must prove in addition that the value of the property taken is one millions dollars or more. Forgery is proscribed by Ohio Revised Code § 2913.31(A) which provides in pertinent part that "No person, with purpose to defraud, . . . shall do any of the following: (1) Forge any writing of another without the other person's authority." The Court of Appeals opinion describes Petitioner's relevant conduct as writing 235 checks to herself on the account of her employer, endorsing them by using her supervisor's signature stamp, cashing the checks, and using the proceeds of nearly $2 million for personal purposes. *State v. Rigsbee*, 174 Ohio App. 3d 12, 15-16 (2007).

The two offenses of theft and forgery are thus clearly separate offenses for *Block burger* purposes. A person can steal from another without committing an act of forgery; a person can

commit an act of forgery for purposes other than theft. Petitioner's criminal venture involved her in committing 235 separate acts of forgery, but she could have been convicted of that crime even if she had never successfully cashed the first check. The forgeries were an essential part of her criminal plan, but the statutes define forgery quite apart from what use is made of the forged documents.

Because forgery and theft are separate offenses in the *Block burger* sense of the term – each contains at least one element not contained in the statutory definition of the other – they can be separately punished in the same case without offending the Double Jeopardy Clause. There is no requirement in the United States Supreme Court Double Jeopardy jurisprudence which requires that a State provide for separate punishment for separate offenses by enacting a statute which expressly permits consecutive sentencing.

Petitioner's Double Jeopardy claim is therefore without merit and the Petition should be dismissed with prejudice.

April 8, 2009.

s/ **Michael R. Merz**
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for

the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

J:\Documents\Rigsbee Habeas R&R.wpd